*483 In determining this custody matter, the court properly considered the best interests of the children (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). The court should have analyzed the matter under the standard applicable to relocation cases (see Matter of Tropea v Tropea, 87 NY2d 727 [1996]), and the record shows that, even under the Tropea standard, it is in the children’s best interests to remain in New Jersey with their mother.
In seeking the Referee’s recusal, the children’s father failed to identify “an actual ruling which demonstrates bias” (Yannitelli v Yannitelli & Sons Constr. Corp., 247 AD2d 271, 271 [1st Dept 1998], lv denied in part and dismissed in part 92 NY2d 875 [1998]). Indeed, his claim of bias is based entirely on the Referee’s failure to order, before a hearing, that the children be returned to New York.
The father cites no authority that would permit him, based on an unsubstantiated claim of bias, to revoke his consent to a referee’s hearing and determining the parties’ custody petitions (see CPLR 4317 [a]). Nor does he offer a basis for such a revocation (see generally Matter of Carlos G. [Bernadette M.], 96 AD3d 632 [1st Dept 2012]). Concur — Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.